[Civ. No. 9560. Second Appellate District, Division One.—January 20, 1936.]

MOTION PICTURE MAKE-UP ARTISTS ASSOCIATION (a Corporation), Respondent, v. ASSOCIATED MOTION PICTURE MAKE-UP ARTISTS, INC., LTD., (a Corporation), et al., Appellants.

Sparling & Teel and Courtney A. Teel for Appellants.

No appearance for Respondent.

YORK, J.—The plaintiff, a nonprofit corporation composed of fifty-five members engaged in the art of making up moving picture actors and actresses to prepare them for the taking of moving pictures and appearances on the stage, brought action against the defendant corporation to enjoin and restrain it from using the name of Associated Motion Picture Make-Up Artists, Inc., Ltd., and also to enjoin it from doing business under said name or using the name in any manner whatsoever. The defendant corporation is a commercial enterprise engaged in the manufacture and sale of all kinds of cosmetics, and in connection therewith has

been accustomed to demonstrate the use of its cosmetics upon the persons of motion picture actors and actresses and the public generally.

The cause went to trial upon plaintiff's second amended complaint and the defendants' answer thereto. The material allegations of the complaint were generally and specifically denied, and in addition a separate equitable defense was set up by the answer. Evidence consisting of the articles of incorporation of the plaintiff was introduced and the findings recite—but without any basis therefor shown in the record—that "the cause submitted for decision on the pleadings and statements of counsel".

From a judgment by which the defendants were enjoined and restrained from the use of the name Associated Motion Picture Make-Up Artists, Inc., Ltd., this appeal is prosecuted.

Appellants contend that the judgment rendered is without any basis in law for the reason that the findings are not supported by any evidence; that the complaint did not state facts sufficient to constitute a cause of action, and that the trial court erred in overruling the general demurrer to the second amended complaint; and that the decision is against law because the findings are not substantially coextensive with the issues joined by the pleadings, and particularly are there no findings upon the equitable matters set up in defendants' answer by way of separate defense.

The record before us shows that no evidence was adduced upon the trial, except the articles of incorporation of the plaintiff, and the findings show that the cause was submitted by the trial court "on the pleadings and statements of counsel". As heretofore stated in this opinion, the material allegations of the complaint were denied generally and specifically by the answer. No admissions of any material facts were made, nor were any stipulations entered into by the parties. The statements of counsel herein referred to appear to be in the form of arguments made by the attorneys for both parties before the trial court.

There is a total lack of evidence or stipulation to support the findings made by the trial court. We deem it unnecessary to consider the other points raised by appellants.

The judgment is reversed.

Houser, P. J., and Doran, J., concurred.